70 F.3d 115
 104 Ed. Law Rep. 1022
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman NOLAND, Plaintiff-Appellant,
v.
LORAIN BOARD OF EDUCATION, Defendant-Appellee.
 No. 94-4288.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 Before: LIVELY, RYAN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Herman Noland appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-5. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Noland, an African-American elementary school principal, asserted that the Lorain Board of Education suspended him without pay after he was charged with stealing school funds, while non-African-Americans charged with equally serious offenses were suspended with pay. Upon review of the defendant's motion for summary judgment, Noland's response, and the defendant's reply, a magistrate judge filed a report recommending that the district court grant summary judgment in favor of the defendant and dismiss the complaint. Over Noland's objections, the district court adopted the magistrate judge's recommendation and dismissed the case. Noland has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment to the defendant. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Noland is not entitled to relief because he did not meet his burden of proving employment discrimination as set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-03 (1973). Noland met his burden of establishing a prima facie case of discrimination when he presented evidence that the Lorain Board of Education (Board) did not suspend similarly-situated white employees without pay, even though they had engaged in conduct comparable to Noland's theft of school funds. See Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir.1992). However, the Board met its burden of articulating a legitimate, nondiscriminatory reason for suspending Noland without pay by stating that it took that action because the police indicated that Noland had admitted to stealing school funds. See St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747-50 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 (1981). Ultimately, however, when it was his burden to do so, Noland failed to raise a genuine issue of material fact, questioning whether the Board suspended him without pay due to his race. See St. Mary's Honor Center, 113 S.Ct. at 2747-50.
 
 
 4
 Accordingly, we hereby affirm the district court's judgment.